UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ARCHIE FLICKINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>JAQUELINE REYES CASTILLO, et al.,<br><br>        Defendants. | Case No.  24-cv-02915-SVK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* MOTION FOR ALTERNATIVE SERVICE AND TO EXTEND TIME TO SERVE**<br><br>Re: Dkt. No. 8 |

Despite three-months' worth of attempts to serve 37 Defendants, self-represented Plaintiff remains unable to serve them by his deadline for service. He now moves *ex parte* for the Court to extend his time to serve Defendants and permit service via alternative means, specifically, by publication on a website. *See* Dkt. 8 (the "Motion"). The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Motion, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.     **BACKGROUND**

Plaintiff commenced this action on May 14, 2024, and subsequently filed an amended complaint. *See* Dkts. 1 (the "Complaint"), 6 (the "FAC"). He sues dozens of defendants who fall into one of three categories: (1) individuals residing in California; (2) individuals residing in Mexico; and (3) government entities within Mexico, including Mexico itself. *See* FAC at 4-13. He tried, unsuccessfully, to serve Defendants, and he now moves for relief in that regard.

///
///
///
///
///

## II. LEGAL STANDARD

### A. Motion To Extend Time For Service

Under Federal Rule of Civil Procedure 4, a plaintiff must serve a defendant "within 90 days after the complaint is filed." *See* Fed. R. Civ. P. 4(m). Filing an amended complaint does not extend this 90-day deadline. *See Jen v. City & Cnty. of S.F.*, No. 15-cv-03834-HSG, 2018 WL 1524049, at *1 (N.D. Cal. Mar. 28, 2018). Where a plaintiff fails to complete service by the deadline, the Court must either "dismiss the action without prejudice against th[e unserved] defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m). "In order to avoid dismissal for failure to serve the complaint and summons" by the deadline, "a plaintiff must show 'good cause.'" *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991) (citations omitted). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 756 (citation omitted).

### B. Motion For Alternative Service

Rule 4 permits service of individuals outside the United States by, *inter alia*, "means not prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3). Thus, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). But

> [e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Id.* at 1016 (citation omitted). A plaintiff must also "demonstrate that the facts and circumstances of the [] case necessitate[] the district court's intervention." *See id.* Ultimately, "[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citation omitted).

2

### III. DISCUSSION

#### A. Plaintiff Has Shown Good Cause For His Failure To Serve Defendants

Because Plaintiff filed his Complaint on May 12, 2024, his 90-day period to serve Defendants expires on August 12, 2024. Over the past three months, he "ha[s] tried to contact opposing parties in every way imaginable," including "via email, Facebook, Whatsapp, and written communications personally delivered by [his] current Mexican council [sic]." *See* Dkt. 8-1 ¶ 3. Failure to serve Defendants despite such diligence constitutes good cause. *See, e.g.*, *JBR, Inc. v. Café Don Paco, Inc.*, No. 12-cv-02377-NC, 2013 WL 1891386, at *7 (N.D. Cal. May 6, 2013).

However, the 90-day deadline does not apply to service outside the United States. *See* Fed. R. Civ. P. 4(m); *Dutrisac v. STMicroelectronics, Inc.*, No. 23-cv-06639-BLF, 2024 WL 3646949, at *10 (N.D. Cal. Aug. 2, 2024). Thus, while the Court will extend Plaintiff's time to serve Defendants, that extension will apply to only those Defendants located within the United States. For service outside the United States, Plaintiff may continue to attempt service without regard to any deadline, although Plaintiff must still "pursue service in a 'diligent fashion.'" *See Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *4 (N.D. Cal. June 7, 2019) (citation omitted).

#### B. Plaintiff Does Not Demonstrate The Need For Or Propriety Of Service Via Website Publication[1]

Plaintiff offers no documentary evidence supporting his contention that he has failed to serve Defendants despite his diligence. He describes, in general terms, his attempts to serve Defendants. *See* Dkt. 8-1 ¶ 3. He also points the Court to certain paragraphs in the FAC that ostensibly describe his failed attempts at service. *See* Dkt. 8-2 at 5. But the enumerated paragraphs do not describe with any level of specificity his attempts to effectuate service in this action. *See* FAC ¶¶ 78 (describing conduct from 2020 predating commencement of this action), 149 (describing conduct from 2023 predating commencement of this action), 152 (same), 180 ("Plaintiff's second and third law firms repetitively failed to affect service and blatantly lied about

---

[1] Plaintiff requests permission to serve via alternative means individual Defendants only; he does not seek to serve any foreign government entities through alternative means. *See* Motion at 3. Indeed, the Court <u>cannot</u> authorize such alternative service of foreign government entities. *See* Fed. R. Civ. P. 4(j)(1); *Davoyan v. Republic of Turk.*, 10-cv-05636-DMG, 2011 WL 1789983, at *2 (C.D. Cal. May 5, 2011).

the failed service. Plaintiff asks this Court to consider that he has exhausted available local remedies. Plaintiff has abandoned his home in Torreón and believes further pursuit will be futile or will subject the plaintiff to a risk of reprisal."). Without any evidence, beyond bare assertions, that diligent efforts at service have been unsuccessful, the Court cannot conclude that Plaintiff has "demonstrate[d] that the facts and circumstances of the present case necessitate[] the [Court's] intervention." *Rio*, 284 F.3d at 1016.

Plaintiff has also failed to demonstrate that his requested method of alternative service complies with the requirements of due process. He seeks to serve Defendants via publication on a website that he maintains and of which Defendants are purportedly aware, as they have apparently sued Plaintiff in connection with that website. *See* Motion at 3. Again, however, he provides no documentary evidence demonstrating Defendants' awareness of the website, and the Court is therefore concerned that service via publication on the website may not actually notify Defendants of this action. In the absence of such documentary evidence, the Court cannot conclude that Plaintiff's requested method of alternative service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1016 (citation omitted); *see, e.g.*, *Astral IP Enter. Ltd. v. Apero Techs. Grp.*, No. 23-cv-02853-JSC, 2023 WL 5498730, at *2-3 (N.D. Cal. Aug. 23, 2023) (due process not satisfied where plaintiff offered no evidence that service via email was "reasonably calculated to provide Defendant notice of this action").

Accordingly, the Court will deny Plaintiff's request to serve Defendants via alternative means without prejudice to Plaintiff re-submitting his request. If Plaintiff renews his request, he must provide documentary evidence demonstrating that: (1) he has diligently tried, and failed, to serve Defendants; and (2) his requested method of alternative service will actually notify Defendants of this action.

///
///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion as follows:

- Plaintiff's deadline to effectuate service is extended to **October 14, 2024**.
- Plaintiff may not, at this time, serve Defendants via alternative means. However, he may renew his request if properly supported by evidence, as explained above.

The Court encourages Plaintiff to seek free legal assistance from the Legal Help Center located in the San Jose courthouse. The Legal Help Center will not represent Plaintiff in this action but can provide basic legal assistance at no cost. Plaintiff can schedule an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org. Plaintiff can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/.

The Court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. Plaintiff can access the guide online (https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: August 12, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge