1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JASON ARCHIE FLICKINGER,                    Case No.  24-cv-02915-SVK
8                    Plaintiff,
9         v.                                     **ORDER GRANTING IN PART AND
                                                 DENYING IN PART PLAINTIFF'S
10   JAQUELINE REYES CASTILLO, et al.,           SECOND EX PARTE APPLICATION
                                                 FOR ALTERNATE SERVICE**
11                  Defendants.                  Re: Dkt. No. 54

12            Self-represented plaintiff Jason Archie Flickinger commenced this action on May 14, 2024

13   against 37 Defendants named in his amended complaint.  Dkts. 1, 6.  Some defendants have since

14   been served and appeared, others have been voluntarily dismissed and most have yet to appear.

15   *See* Dkt. 23 (voluntary dismissal of two defendants);  Dkts. 37-38, 45 (summons returned executed

16   as to certain defendants);  Dkts. 41, 50-53 (appearance by three Mexican-government entities).

17   Now before the Court is Plaintiff's second ex parte application for alternative service, styled the

18   "2nd Ex Party Motion for Authorization of Electronic Service of Process," seeking permission to

19   serve by various electronic means certain defendants.  Dkt. 54 (the "Application").  Having

20   considered Plaintiff's submissions, the relevant law and the record in this action, the Court

21   **GRANTS IN PART** and **DENIES IN PART** the Application.

22   **I.      BACKGROUND**

23            The Court has previously explained the background of this action as it relates to Plaintiff's

24   attempts at service and motions for alternative service of process.  Dkt. 32 ("Prior Order") at 1-3.

25   The relevant developments since the Court's Prior Order are as follows.

26            On April 8, 2025, the Court granted in part and denied in part Plaintiff's ex parte

27   applications for alternative service and extensions of time.  *Id.*  In particular, the Court extended

28   the time for Plaintiff to attempt to serve Defendant Crisp, (*id.* at 4-5, 12), and, because of

United States District Court
Northern District of California

difficulties with serving Defendant Quintero and the apparent "close friendship between Robert Crisp and Pero Quintero," extended the deadline to serve Defendant Quintero contingent on an appearance by Defendant Crisp, (*id.* at 5-7, 12) (collectively, "American Defendants").

In the same Order, the Court evaluated Plaintiff's proposal to serve various Mexican individual defendants by email and/or WhatsApp. *Id.* at 7-12. "Having examined what documentary evidence of interactions was presented by Plaintiff, as well as the description for each email and WhatsApp account" that was proffered, the Court ultimately permitted electronic service via email on certain defendants via certain email accounts, denied service via other email accounts and denied without prejudice service via WhatsApp. *Id.* at 10-13. The Court also extended the time to serve five unlocated Mexican individual defendants contingent on an appearance by the first Mexican individual defendant. *Id.* at 13.

Finally, in the same order, the Court ordered a further update as to Plaintiff's attempts to serve the Mexican-government entities. *Id.* at 13-14.

On April 30, 2025, Plaintiff filed a proof of service showing that Defendant Crisp was successfully served by Plaintiff's private investigator. Dkt. 37. On May 2, 2025, Plaintiff filed proofs of service memorializing his attempts to serve the Mexican-government entities through the Mexican Ministry of Foreign Affairs entities under the Hague Convention. Dkt. 38. Since then, Defendants Estados Unidos Mexicanos ("Mexico"), Gobierno del Estado de Coahuila de Zaragoza ("Coahuila State") and Fiscalía General del Estado de Coahuila de Zaragoza ("Coahuila Attorney General") have appeared and filed motions to dismiss the claims against them. Dkts. 40-41, 46, 50-53. The other two Mexican-government defendants have not appeared. Finally, on May 8, 2025, Plaintiff filed proofs of service for 14 Mexican individual defendants. Dkts. 45–45-13. As Plaintiff explains in the Application, with this Court's authorization, "emails were sent to all 22 of the [authorized] email addresses, which resulted in 19 emails [with] verified deliver[y] (corresponding to 14 defendants)." Dkt. 54-1 at 3.

For the completeness of the record and convenience of the Parties and the public, the table below summarizes the current service and appearance status of each Defendant in this action.

United States District Court
Northern District of California

| Defendant | Service Status / Deadline | Appearance |
|---|---|---|
| Robert Crisp (American Defendant) | Served April 30, 2025 | Not yet appeared |
| Pedro Quintero (American Defendant) | Not Served<br><br>To be served, or motion for alternative service to be renewed, no later than 45 days after Crisp's appearance | No appearance |
| Mexico (Mexican-government entity) | Served October 11, 2024 | Appeared |
| Coahuila State (Mexican-government entity) | Purportedly[1] Served October 11, 2024 | Appeared |
| Coahuila Attorney General (Mexican-government entity) | Purportedly Served October 11, 2024 | Appeared |
| Centro de Justicia y Empoderamiento Para Las Mujeres del Gobierno del Estado de Coahuila de Zaragoz (Mexican-government entity) | Purportedly Served October 11, 2024 | Not yet appeared |
| Dirección de Seguridad Publica Municipal de Torreon (Mexican-government entity) | Purportedly Served October 11, 2024 | Not yet appeared |
| Gilda Reyes Barraza (former Mexican individual defendant) | Not served | Voluntarily dismissed |
| Brenda Karina Cueto Castillohe (former Mexican individual defendant) | Not served | Voluntarily dismissed |
| Jaqueline Reyes Castillo (Mexican individual defendant) | Served April 9, 2025<br>via registered email to personal email and two most recent lawyers' emails. *See* Dkt. 54-1 at 3;  Dkt. 45.<br><br>The emails to Castillo's most recent lawyers were verified as opened.  *Id.*<br><br>Plaintiff seeks to attempt further service. | Not yet appeared |
| María de la Luz Castillo de la Torre (Mexican individual defendant) | Not served.  The Court denied Plaintiff's prior application for alternative service without prejudice. Dkt. 32 at 10.<br><br>Plaintiff seeks to renew his application and provides additional information. | Not yet appeared |

---

[1] Plaintiff filed a proof of service as to these Defendants, but in their pending Motion to Dismiss, the Coahuila State and Coahuila Attorney-General Defendants challenge the sufficiency of Plaintiff's service as to them.

| | | |
|---|---|---|
| Luis Antonio Castillo (Mexican individual defendant) | Not served.  Previously unlocated, with a status report as to service due to be filed no later than  45 days after the first Mexican individual defendant's appearance.<br><br>Plaintiff seeks authorization to attempt service by electronic means. | Not yet appeared |
| Gloria Castillo de la Torre (Mexican individual defendant) | Not served.  The Court denied Plaintiff's prior application for alternative service without prejudice. Dkt. 32 at 10.<br><br>Plaintiff seeks to renew his application and provides additional information. | Not yet appeared |
| Luis Roberto Magaña Orozco (Mexican individual defendant) | Served April 9, 2025 via registered email to two personal email addresses used to communicate with Plaintiff previously. *See* Dkt. 54-1 at 3;  Dkt. 45-2.<br><br>Plaintiff seeks to attempt further service. | Not yet appeared |
| Luis Enrique Martin Del Campo Valencia (Mexican individual defendant) | Service attempted on April 9, 2025, but delivery of email was unsuccessful.  *See* Dkt. 54-1 at 3.<br><br>Plaintiff seeks to attempt further service. | Not yet appeared |
| Cristobal Everardo Rodríguez Hernández (Mexican individual defendant) | Service attempted on April 9, 2025, but delivery of email was unsuccessful.  *See* Dkt. 54-1 at 3.<br><br>Plaintiff seeks to attempt further service. | Not yet appeared |
| Raymundo Ventura Garcia (Mexican individual defendant) | Not served.  The Court denied Plaintiff's prior application for alternative service without prejudice. Dkt. 32 at 10.<br><br>Plaintiff seeks to renew his application and provides additional information. | Not yet appeared |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | |
|---|---|---|
| David Obed Salas Ríos (Mexican individual defendant) | Not served. Previously unlocated, with a status report as to service due to be filed no later than 45 days after the first Mexican individual defendant's appearance.<br><br>Plaintiff seeks authorization to attempt service by electronic means. | Not yet appeared |
| Claudia Marcela Ibarra Betancourt (Mexican individual defendant) | Served April 9, 2025<br>via registered email to the email used while acting as Plaintiff's attorney.<br>*See* Dkt. 54-1 at 4; Dkt. 45-10. | Not yet appeared |
| Virginia Betancourt Rodríguez (Mexican individual defendant) | Not served. Previously unlocated, with a status report as to service due to be filed no later than 45 days after the first Mexican individual defendant's appearance.<br><br>Plaintiff seeks authorization to attempt service by electronic means. | Not yet appeared |
| Jonathan Chavez Betancourt (Mexican individual defendant) | Not served. Previously unlocated, with a status report as to service due to be filed no later than 45 days after the first Mexican individual defendant's appearance.<br><br>Plaintiff seeks authorization to attempt service by electronic means. | Not yet appeared |
| Israhel Martinez Peinado (Mexican individual defendant) | Served April 9, 2025<br>via registered email to the email used while acting as Plaintiff's attorney.<br>*See* Dkt. 54-1 at 4; Dkt. 45-6.<br><br>Plaintiff seeks to attempt further service. | Not yet appeared |
| Irving Terrazas Molina (Mexican individual defendant) | Served April 9, 2025<br>via registered email to private legal office email.<br>*See* Dkt. 54-1 at 4; Dkt. 45-12.<br>The email was verified as opened. *Id.*<br><br>Plaintiff seeks to attempt further service. | Not yet appeared |

United States District Court
Northern District of California

| Yolanda de Leon Garcia (Mexican individual defendant) | Served April 9, 2025 via registered email to personal email and government job email. *See* Dkt. 54-1 at 3;  Dkt. 45-8. | Not yet appeared |
|---|---|---|
| Juan Carlos Degollado Rodríguez (Mexican individual defendant) | Served April 9, 2025 via registered email to private legal office email. *See* Dkt. 54-1 at 3;  Dkt. 45-7. | Not yet appeared |
| Bertha Marine Casillas Martínez (Mexican individual defendant) | Served April 9, 2025 via registered email to government job email. *See* Dkt. 54-1 at 3;  Dkt. 45-9. | Not yet appeared |
| María Concepción Mendieta Santos (Mexican individual defendant) | Served April 9, 2025 via registered email to government job email. *See* Dkt. 54-1 at 3;  Dkt. 45-3. | Not yet appeared |
| Rodrigo Iván Acevedo Macías (Mexican individual defendant) | Served April 9, 2025 via registered email to government job email. *See* Dkt. 54-1 at 3;  Dkt. 45-13. | Not yet appeared |
| Judith Arzave Ramírez (Mexican individual defendant) | Served April 9, 2025 via registered email to government job email. *See* Dkt. 54-1 at 4;  Dkt. 45-4. | Not yet appeared |
| Erik Osiris Rodríguez Huitrón (Mexican individual defendant) | Served April 9, 2025 via registered email to private legal office email. *See* Dkt. 54-1 at 4;  Dkt. 45-1. The email was verified as opened. *Id.* | Not yet appeared |
| Francisco Javier Hernandez Favila (Mexican individual defendant) | Served April 9, 2025 via registered email to private legal office email. *See* Dkt. 54-1 at 4;  Dkt. 45-5. The email was verified as opened. *Id.* | Not yet appeared |
| Luis Fernando Macías Montañez (Mexican individual defendant) | Served April 9, 2025 via registered email to the email used while acting as Plaintiff's attorney. *See* Dkt. 54-1 at 4;  Dkt. 45-12. The email was verified as opened. *Id.* | Not yet appeared |

| Enrique Vargas Gutierrez (Mexican individual defendant) | Not served. Previously unlocated, with a status report as to service due to be filed no later than 45 days after the first Mexican individual defendant's appearance.<br><br>Plaintiff seeks authorization to attempt service by electronic means. | Not yet appeared |
|---|---|---|
| Eduardo Nicolas Mireles Jaime (Mexican individual defendant) | Not served. The Court denied Plaintiff's prior application for alternative service without prejudice. Dkt. 32 at 10.<br><br>Plaintiff seeks to renew his application and provides additional information. | Not yet appeared |
| Rolando Castañeda Ruiz (Mexican individual defendant) | Not served. The Court denied Plaintiff's prior application for alternative service without prejudice. Dkt. 32 at 10.<br><br>Plaintiff seeks to renew his application and provides additional information. | Not yet appeared |
| Miguel Misael Martinez Anaya (Mexican individual defendant) | Not served. The Court denied Plaintiff's prior application for alternative service without prejudice. Dkt. 32 at 10.<br><br>Plaintiff seeks to renew his application and provides additional information. | Not yet appeared |

On May 15, 2025, Plaintiff filed the instant Application for authorization of service by electronic means. Dkt. 54 at 1-28. Filed as part of the Application, Plaintiff includes 33 exhibits, consisting of one screenshot or photograph each, in support of the Application. *Id.* at 29-61.

## II.    LEGAL STANDARD

The standard for alternative service differs based on whether the individual is outside of or within the United States. With regard to individuals outside the United States, Rule 4 permits service by, *inter alia*, "means not prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3). Thus, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio*

1    *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  But

2
3
4
5

> [e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process.  To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

6    *Id.* at 1016 (citations omitted).  A plaintiff must also "demonstrate that the facts and

7    circumstances of the [] case necessitate[] the district court's intervention."  *See id.*  Ultimately,

8    "[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is

9    committed to the 'sound discretion of the district court.'"  *Brockmeyer v. May*, 383 F.3d 798, 805

10   (9th Cir. 2004) (citation omitted).

## III.    DISCUSSION

12       Plaintiff's Application requests permission to serve (or attempt to re-serve) certain of the

13   Mexican individual defendants. Dkt. 54-1 at 25-26.  Plaintiff seeks to serve these defendants in

14   various ways:  for those Mexican individual defendants who are associated with other defendants

15   (most commonly, by purportedly being part of the same Mexican law firm), Plaintiff seeks to

16   effectuate service "as a group," (*e.g.*, Dkt. 54-1 at 8-13, 14-17, 17-18, 19-20, 23);  and, as an

17   alternative for all defendants at issue, individually, (*see* Dkt. 54-1 at 25-26).  The Court addresses

18   issues common to the defendants first, then turns to each defendant individually.

19
20

    **A.    Service of Process by Email, WhatsApp and Facebook Messenger is Not Prohibited Under International Agreement.**

21       In its Prior Order, the Court explained that "that service of individuals via registered

22   electronic mail in Mexico is not prohibited by international agreements[;]"  nor was service via

23   WhatsApp prohibited.  Dkt. 32 at 8-9 (agreeing with the explanations in cases both within and

24   without the Northern District of California).  Plaintiff now seeks to serve certain defendants via

25   email and WhatsApp and additionally via Facebook (by wall post and by Facebook Messenger).

26   *See, e.g.*, Dkt. 54-1 at 25-26.  Many other courts, in the context of other countries, have treated

27   service via Facebook no differently from service via email.  *See, e.g.*, *Seiko Epson Corp. v.*

28   *Dongguan Ocbestjet Digital Tech. Co.*, No. 22-cv-04123-AB JC, 2022 WL 18397388, at *2 (C.D.

United States District Court
Northern District of California

United States District Court
Northern District of California

Cal. Nov. 3, 2022) ("Similarly, service through a social media account, such as Facebook, or through website chat functions is not prohibited by the Hague Service Convention or any other international agreement."); *Juicero, Inc. v. Itaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017) ("Service through Defendants' Facebook account is also permissible."). This Court similarly finds that, as with email and WhatsApp, Mexico has not expressly objected to service via Facebook under the Hague Convention. *Cf. Browne v. Donalds*, No. 21-cv-02840-AB (AFM), 2023 WL 4626697, at *2 (C.D. Cal. Apr. 13, 2023). (Mexico's objection "to service of postal channels under Article 10 of the Hague Service Convention … does not prohibit service by email [because] courts have distinguished electronic mail from postal mail."); *see also* Mexico's "Declarations and Reservations to the Convention," *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=412&disp=resdn (Mexico's objections have not changed since the Court issued its Prior Order).

Accordingly, the Court finds that Plaintiff's proposed methods of service—email, WhatsApp and Facebook—are not prohibited by international agreement with Mexico.

**B.    The Court Authorizes Service of Process Via Alternative, Electronic Means on an Individual Basis, as Set Forth Below**

The Court incorporates herein the findings in its Prior Order, in particular that: "Given the difficulties Plaintiff has had in serving the individual Mexican Defendants … the Court's finds its intervention is necessary at this juncture[;]" and that the due process concerns of service via WhatsApp, like email (and Facebook), should be "examined on a case-by-case basis to determine whether they are 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Dkt. 32 at 9 (quoting *Rio*, 284 F.3d at 1016). The Court further notes that in the past two months, Plaintiff has continued to diligently pursue service: He has conducted research to attempt to find, and verify, contact information for various defendants; he has successfully served certain defendants, as noted above; and the Motion, instead of reciting again the simple context of Plaintiff's allegations, is rightfully focused on argument and evidence—including 33 exhibits—supporting

9

United States District Court
Northern District of California

the means of service proposed by Plaintiff.  Accordingly, the Court finds good cause to extend his time to serve Defendants, as necessary, as set forth in the conclusion.

Having now considered  the evidence submitted by Plaintiff, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application as indicated below:

>    **1.       Plaintiff's Requests for "Group Service":**

First, Plaintiff requests authorization to serve certain Defendants "as a group."  *E.g.*, Dkt. 54-1 at 8-13, 14-17, 17-18, 19-20, 23.  These groups include:

>    (a) The proposed "Roma Legal Defendants," comprising "Defendants Luis Roberto Magaña Orozco, David Obed Salas Ríos, Raymundo Ventura Garcia, and Luis Enrique Martin Del Campo Valencia[, who] were all lawyers and employees of Roma Legal, A Torreón Coahuila[-based] law firm owned and operated by Luis Roberto Magaña Orozco."  Dkt. 54-1 at 8-13;

>    (b) The proposed "Betancourt Associates Defendants," comprising "Defendants Claudia Marcela Ibarra Betancourt, Jonathan Chavez Betancourt, Virginia Betancourt Rodríguez, Israhel Martinez Peinado, and Irving Terrazas Molina[, who] are all lawyers and employees of Ibarra Betancourt Abogados Asociados, a Torreón Coahuila law firm owned and operated by Claudia Marcela Ibarra Betancourt."  Dkt. 54-1 at 14-17;  and

>    (c) The "Castillo Family Defendants," comprising Defendants "Jaqueline Reyes Castillo, Luis Antonio Castillo Juarez, Gloria Castillo de la Torre, María de la Luz Castillo de la Torre, Enrique Vargas Gutierrez and Francisco Javier Hernandez Favila," with Luis Antonio Castillo Juarez, Gloria Castillo de la Torre and María de la Luz Castillo de la Torre being "family members of Jaqueline Reyes Castillo" and Defendant Enrique Vargas Gutierrez and Francisco Javier Hernandez Favila being "her two lawyers." Dkt. 54-1 at 18-23.

At the outset, Plaintiff's requests for group service are unclear.  Either, consistent with how Plaintiff previously attempted to serve Defendant Crisp as an agent on behalf of all Defendants, (*see* Dkt. 21 at 1, 3), Plaintiff is requesting authorization to serve some Defendants as agents of

and in lieu of serving other Defendants; alternatively, Plaintiff's might still be seeking to serve *each* Defendant but simply by providing notice to other Defendants. *See, e.g.*, Dkt. 54-1 at 22 ("I seek to serve the [Castillo Family Defendants] jointly through all emails, Facebook accounts, and WhatsApp accounts mentioned above.").

In the Rule 4(f) context, however, the posture makes no difference. While other rules, such as Rule 4(e), require agents to be "authorized by appointment or by law," Rule 4(f) contains no such restriction. Accordingly, some courts in this District have allowed service via secondary individuals, while others have not. *Compare Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1078 (N.D. Cal. 2015) (permitting service under Rule 4(f) on a defendant, Chen, via a person "who represented Chen, in Chen's personal capacity, at the mediation between the parties,") *with Int'l Metaphysical Ministry, Inc. v. Schaefer*, No. 18-cv-4524 SBA, 2018 WL 10560778, at *4 (N.D. Cal. Nov. 21, 2018) (declining permit "service on a foreign defendant through a co-worker" because service by alternate means "requires *prior* leave of court," but explaining that, even "if Plaintiffs had properly sought leave for alternate service," the Court would not have granted the request) (emphasis added). So, whether Plaintiff's request is that he be permitted to serve some Defendants as agents of other Defendants or merely an argument that providing notice through the emails, Facebook accounts and WhatsApp accounts of co-workers, employers or family members is sufficient to serve the individuals themselves under Rule 4(f), the inquiry for this Court remains the same: Whether such methods are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1016.

Having reviewed the evidence submitted by Plaintiff to substantiate the asserted relationships between the Defendants, the Court rules as follows for the "group service" requests:

### a.    Roma Legal Defendants

The Court agrees that exhibit 1 to the Motion shows that, at least as of the date when Plaintiff filed his Mexican divorce petition, Defendants David Obed Salas Ríos, Raymundo Ventura Garcia and Luis Enrique Martin Del Campo Valencia were all employees of Roma Legal and that Luis Roberto Magaña Orozco was Plaintiff's lead counsel. Dkt. 54-1, Ex. 1. Exhibit 2

United States District Court
Northern District of California

1    shows that, at least as of the date when Plaintiff drafted his Mexican criminal complaint for

2    extortion, Defendants Raymundo Ventura Garcia and Luis Enrique Martin Del Campo Valencia,

3    along with Luis Roberto Magaña Orozco, served as counsel on his behalf.  Dkt. 54-2, Ex. 2

4    (exhibit 2 is not clear as to whether, at this time, the Mexican attorneys were all members of Roma

5    Legal or merely co-counsel).

6        However, Plaintiff filed his divorce petition on July 2, 2020, and his criminal extortion

7    complaint had been drafted before August 15, 2020.  Dkt. 6 ("First Amended Complaint" or

8    "FAC"), ¶¶ 69, 78.  These events occurred nearly five years ago.  The Court is cognizant of the

9    fact that attorneys change firms and employment;  indeed, as Plaintiff represents, "Luis Roberto

10   Magaña Orozco is now employed as a city controller for the city of Gomez Palacio, Durango,

11   Mexico," not far from Torreón, Coahuila.  Dkt. 54-1 at 9.  Thus, there is insufficient reason to

12   expect that the Roma Legal Defendants are still in regular contact with each other today, and the

13   Court **DENIES** this request for group service.

14                    **b.    Betancourt Associates Defendants**

15       The Court agrees that exhibit 14 to the Motion shows that, at least as of the time when

16   Plaintiff was working on civil and criminal complaints with Claudia Marcela Ibarra Betancourt,

17   Defendants Virginia Betancourt Rodríguez (who, according to Plaintiff, is also the mother of

18   Claudia Marcela Ibarra Betancourt) and Irving Terrazas Molina were working with Claudia

19   Marcela Ibarra Betancourt.  Dkt. 54-1, Ex. 14.  Exhibit 15 appears to be a receipt, which Plaintiff

20   represents comes from Claudia Marcela Ibarra Betancourt, showing the involvement of Defendant

21   Jonathan Chavez Betancourt in the lawsuits (who, according to Plaintiff, is also the brother of

22   Claudia Marcela Ibarra Betancourt).  Dkt. 54-1, Ex. 15.  Plaintiff also represents and alleges that

23   Israhel Martinez Peinado was a member of Betancourt Associates, although none of the exhibits

24   show Israhel Martinez Peinado's name.  *See* Dkt. 54-1 at 15;  FAC, ¶ 129.

25       Plaintiff's involvement with the Betancourt Associates Defendants is more recent than

26   with the Roma Legal Defendants.  *See* FAC, ¶¶ 129-153 (alleging that Plaintiff changed attorneys

27   to Ibarra Betancourt Abogados y Associados on September 29, 2022 and continued to work with

28   that firm until June 2023).  This makes it more likely that the Betancourt Associates Defendants

are still in contact with one another.  Moreover, this finding is made more likely by the fact that Ibarra Betancourt Abogados y Asociados appears to be a family-owned firm, with Claudia Marcela Ibarra Betancourt, Jonathan Chavez Betancourt and Virginia Betancourt Rodríguez all being related.  FAC, ¶ 129.

On balance, and considering the relationships of the Betancourt Associates Defendants, the difficulties Plaintiff has had in serving some of these defendants and the fact that Luis Fernando Macías Montañez—another alleged member of the Betancourt Associates Defendants—has been served and verified to have opened the service email, (*see* Dkt. 54-1 at 16), the Court finds that service upon this group is reasonably calculated to apprise the individuals thereof of the pendency of this lawsuit and **GRANTS** this request for group service **in conjunction with the individual service authorized** in Section III.B.2, below.

### c.    Castillo Family Defendants

Finally, Plaintiff seeks to serve the Castillo Family Defendants as a group.  Defendants Jaqueline Reyes Castillo, María de la Luz Castillo de la Torre, Gloria Castillo de la Torre and Luis Antonio Castillo Juarez are all family members, as alleged and represented by Plaintiff.  Dkt. 54-1 at 18-20;  FAC, § V.a., d.–f.  Defendant Jaqueline Reyes Castillo is central to the allegations in this matter, and the others are her mother, aunt and cousin, respectively.  *Id.*  Plaintiff verifies that these Defendants were in contact on good terms as of earlier this year via public Facebook information.  Dkt. 54-1 at 19-20;  *id.*, Exs. 26-27.  In the clearest example, exhibit 27 is a January 23, 2025 Facebook post by Gloria Castillo de la Torre, directing that if anyone found her sister's (María de la Luz Castillo de la Torre) lost identification, they should call either of their WhatsApp numbers.  Dkt. 54-1 at 20 (translating *id.*, Ex. 27).

Defendants Enrique Vargas Gutierrez and Francisco Javier Hernandez Favila, however, are unrelated to the Castillo family.  Rather, Plaintiff represents that each served as counsel for Jaqueline Reyes Castillo and/or Maria de la Luz Castillo de la Torre.  *See* Dkt. 54-1 at 20-22. However, according to Plaintiff's arguments and allegations, Enrique Vargas Gutierrez last served as Jaqueline Reyes Castillo's lawyer in proceedings against Plaintiff, with the last actions by Enrique Vargas Gutierrez alleged to have taken place in June 2020.  Dkt. 54-1 at 20-21;  FAC, ¶¶

United States District Court
Northern District of California

65, 69.  Similarly, Javier Hernandez Favila is only alleged to have been Jaqueline Reyes Castillo's lawyer in the Mexican domestic violence proceedings, which took place in April 2020 through 2021.  *See* FAC, ¶¶ 38, 102.

Accordingly, due to the familial relationship and close contact between Jaqueline Reyes Castillo, María de la Luz Castillo de la Torre, Gloria Castillo de la Torre and Luis Antonio Castillo Juarez, the Court finds that service on any one of these individuals may be reasonably calculated to apprise the other individuals thereof of the pendency of this lawsuit;  however, it is not sufficiently likely to apprise Enrique Vargas Gutierrez and Francisco Javier Hernandez Favila of the pending lawsuit, nor vice-versa.  Thus, the Court **GRANTS IN PART** this request for group service, **in conjunction with the individual service authorized** in Section III.B.2, below, and **DENIES IN PART** this request for group service as it relates to Enrique Vargas Gutierrez and Francisco Javier Hernandez Favila.

### 2.    Method of Service as Authorized for Each Defendant

Apart from Plaintiff's requests for group service, Plaintiff "propose[s] a more individual and individually directed method of service" for each of the Defendants that is the subject of the motion, based upon his further research.  Dkt. 54-1 at 25-27.  The Court finds that individual service is preferable to group service and that, even where the Court has authorized group service, individual service must also be attempted.

In the Court's Prior Order, the Court permitted service via certain email addresses but denied without prejudice Plaintiff's requests for service via WhatsApp numbers, explaining that "Plaintiff may renew his request if he submits a declaration attaching exhibits tending to show that the WhatsApp information provided is linked to [the Defendant at issue]."  Dkt. 32 at 9-12.  Plaintiff has now done so for certain Defendants.[2]  Accordingly, evaluating each method of contact proposed by Plaintiff to serve the individual defendants to determine whether it is

---

[2] Plaintiff filed his declaration at Dkt. 54-2.  Although Plaintiff's exhibits precede his declaration, Plaintiff declares that he personally "preformed the investigation and gathered the exhibits, email addresses, WhatsApp accounts, and Facebook accounts presented in the document filed herewith" and "maintain on my home computer system and internet search history all evidence collected and presented to This Court for verification purposes."  Dkt. 54-2, ¶¶ 2-3.  Given this declaration by Plaintiff, the Court will accept his exhibits as though attached to his sworn declaration.

United States District Court
Northern District of California

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections, the Court **GRANTS IN PART** Plaintiff's service requests as follows:[3]

### a.    Jaqueline Reyes Castillo

Jacqueline Reyes Castillo was previously served on April 9, 2025, according to this Court's Prior Order, via registered email to her personal email and the emails of her two most recent lawyers.  Dkt. 54-1 at 3;  Dkt. 45.  All three emails were verified as delivered, and the lawyers' emails were verified as open.  Dkt. 54-1 at 3.

Nonetheless, considering Jacqueline Reyes Castillo's centrality to the allegations and her non-appearance so far and having granted in part Plaintiff's request for group service as to the Castillo Family Defendants, the Court will permit Plaintiff to attempt to serve this Defendant again as follows:

    **i.**    **Individually:** Via Facebook Messenger to her personal Facebook account, (*see* Dkt. 54-1 at 23, Ex. 25);

    **ii.**    **Through Group Service:** Via Facebook Messenger to her cousin, Luis Antonio Castillo Juarez's, personal Facebook account, (*see* Dkt. 54-1 at 23, Ex. 26);

    **iii.**    **Through Group Service:** Via Facebook Messenger to her aunt, Gloria Castillo de la Torre's, personal Facebook account, (*see* Dkt. 54-1 at 23, Ex. 27);

    **iv.**    **Through Group Service:** Via WhatsApp message to her aunt, Gloria Castillo de la Torre's, personal WhatsApp number, (*see* Dkt. 54-1 at 23, Exs. 27-28); and

    **v.**    **Through Group Service:** Via WhatsApp message to her mother, María de la Luz Castillo de la Torre's, personal WhatsApp number, (*see* Dkt. 54-1 at 24, Exs. 27, 29).

### b.    Luis Antonio Castillo Juarez

Luis Antonio Castillo Juarez is one of five previously unlocated Defendants, for whom the Court permitted Plaintiff to delay service until after the first Mexican individual defendant's appearance.  *See, supra*, at Table.  Plaintiff has now located this Defendant's personal Facebook

---

[3] Except as explicitly set forth in Sections 2.a-r, below, Plaintiff's requests for authorization of alternative service are **DENIED**.

United States District Court
Northern District of California

account, and the Court has granted in part Plaintiff's request for group service as to the Castillo Family Defendants.  Dkt. 54-1 at 19, Ex. 26.

Accordingly, the Court will permit Plaintiff to attempt service as follows:

i. **Individually:** Via Facebook Messenger to his personal Facebook account, (*see* Dkt. 54-1 at 23, Ex. 26);

ii. **Through Group Service:** Via Facebook Messenger to his cousin, Jacqueline Reyes Castillo's, personal Facebook account, (*see* Dkt. 54-1 at 23, Ex. 25);

iii. **Through Group Service:** Via registered email to the personal email used by his cousin, Jacqueline Reyes Castillo, during her relationship with Plaintiff and previously authorized by the Court, (*see* Dkt. 54-1 at 3); and

iv. **Through Group Service:** according to methods a.iii–v., above.

### c. María de la Luz Castillo de la Torre

The Court previously denied without prejudice Plaintiff's request for alternative service as to María de la Luz Castillo de la Torre.  Dkt. 32 at 10.  Having considered Plaintiff's arguments, declaration and exhibits and having granted in part Plaintiff's request for group service as to the Castillo Family Defendants, the Court now permits Plaintiff to attempt service as follows:

i. **Individually:** Via WhatsApp message María de la Luz Castillo de la Torre's personal WhatsApp number, (*see* Dkt. 54-1 at 24, Exs. 27, 29); and

ii. **Through Group Service:** according to methods a.ii–iv. and b.iii, above.

### d. Gloria Castillo de la Torre

The Court previously denied without prejudice Plaintiff's request for alternative service as to María de la Luz Castillo de la Torre.  Dkt. 32 at 10.  Having considered Plaintiff's arguments, declaration and exhibits and having granted in part Plaintiff's request for group service as to the Castillo Family Defendants, the Court now permits Plaintiff to attempt service as follows:

i. **Individually:** Via Facebook Messenger to Gloria Castillo de la Torre's personal Facebook account, (*see* Dkt. 54-1 at 23, Ex. 27);

ii. **Individually:** Via WhatsApp message to Gloria Castillo de la Torre's personal WhatsApp number, (*see* Dkt. 54-1 at 23, Exs. 27-28); and

United States District Court
Northern District of California

iii.    **Through Group Service:** according to methods a.ii, a.v. and b.iii, above.

### e.    Luis Roberto Magaña Orozco

Luis Roberto Magaña Orozco was previously served on April 9, 2025, according to this Court's Prior Order, via registered email to two personal email addresses used to communicate with Plaintiff previously.  Dkt. 54-1 at 3;  Dkt. 45-2.  Both emails were verified as delivered but neither was opened.  Dkt. 54-1 at 3.  The Court also previously denied without prejudice Plaintiff's request to serve this Defendant via WhatsApp.  Dkt. 32 at 11.

Because Plaintiff has now submitted a declaration and exhibits as ordered by the Court and in view of Plaintiff's explanation that, "[f]ortuitously, it was found that Luis Roberto Magana Orozco … [is] now employed by the Mexican Government," (Dkt. 54-1 at 4, 9), the Court will permit Plaintiff to serve this Defendant again as follows:

   i.    **Individually:** Via WhatsApp message to his personal, verified WhatsApp account, (*see* Dkt. 54-1 at 8-9, Exs. 27-28);  and

   ii.    **Individually:** Via registered email to Luis Roberto Magaña Orozco' current work email as city controller for the city of Gomez Palacio, Durango, Mexico, (*see* Dkt. 54-1 at 9, 12, Ex. 4).

### f.    Luis Enrique Martin Del Campo Valencia

Plaintiff previously attempted to serve Luis Enrique Martin Del Campo Valencia, on April 9, 2025, via registered email to his apparent email for the Torreón roads and planning department. Dkt. 54-1 at 3.  However, delivery of this email failed.  *Id.*  The Court also previously denied without prejudice Plaintiff's request to serve this Defendant via WhatsApp.  Dkt. 32 at 11.

Because Plaintiff has now submitted a declaration and exhibits as ordered by the Court, his other service failed and in view of Plaintiff's explanation that, "[f]ortuitously, it was found that … Luis Enrique Martin Del Campo Valencia [is] now employed by the Mexican Government," (Dkt. 54-1 at 4, 9), the Court will permit Plaintiff to further attempt service as follows:

   i.    **Individually:** Via WhatsApp message to his personal, verified WhatsApp account, (*see* Dkt. 54-1 at 13, Ex. 7);  and

   ii.    **Individually:** Via registered email to the email of his current employer, the city of

17

Torreón, Coahuila, Mexico, (*see* Dkt. 54-1 at 4, 10-12, Ex. 4).

### g.    Cristobal Everardo Rodríguez Hernández

Plaintiff previously attempted to serve Cristobal Everardo Rodríguez Hernández, on April 9, 2025, via registered email to his government email as a public defender for the state of Coahuila and his personal email listed on documentation while involved in Plaintiff's cases. Dkt. 54-1 at 3. However, delivery of both emails failed. *Id.* The Court also previously denied without prejudice Plaintiff's request to serve this Defendant via WhatsApp. Dkt. 32 at 11.

Because Plaintiff has now submitted a declaration and exhibits as ordered by the Court and his other service failed, the Court will permit Plaintiff to further attempt service as follows:

i.    **Individually:** Via WhatsApp message to his personal, verified WhatsApp account, (*see* Dkt. 54-1 at 13, Ex. 9).

### h.    Raymundo Ventura Garcia

The Court previously denied without prejudice Plaintiff's request to serve this Defendant via WhatsApp. Dkt. 32 at 11. Because Plaintiff has now submitted a declaration and exhibits as ordered by the Court, the Court will permit Plaintiff to attempt service as follows:

i.    **Individually:** Via WhatsApp message to his personal, verified WhatsApp account used to communicate with Plaintiff during his representation of Plaintiff, (*see* Dkt. 54-1 at 9-10, 12, Ex. 6).

### j.    David Obed Salas Ríos[4]

David Obed Salas Ríos is one of five previously unlocated Defendants, for whom the Court permitted Plaintiff to delay service until after the first Mexican individual defendant's appearance. *See, supra*, at Table. Plaintiff has not yet located any personal contact information for this Defendant, and the Court is unpersuaded by Plaintiff's argument that this Defendant may be served via group service as part of the Roma Legal Defendants. *See, supra*, § III.B.1.a. Accordingly, the Court **DENIES** Plaintiff's request for alternate service as to David Obed Salas Ríos without prejudice. The request may be renewed when Plaintiff has located contact

---

[4] The Court intentionally numbers this subsection "2.j", skipping subsection "2.i", in order to avoid potential confusion with romanette "i" as used for each authorized method of service.

United States District Court
Northern District of California

1    information for this Defendant or after the appearance of other Mexican individual defendants

2    with likely knowledge of David Obed Salas Ríos' contact information.

3                    **k.    Virginia Betancourt Rodríguez**

4            Virginia Betancourt Rodríguez is one of five previously unlocated Defendants, for whom

5    the Court permitted Plaintiff to delay service until after the first Mexican individual defendant's

6    appearance.  *See, supra*, at Table.  While Plaintiff has not yet located any personal contact

7    information for this Defendant, because the Court has granted Plaintiff's request for group service

8    as to the Betancourt Associates Defendants, the Court will permit Plaintiff to attempt to serve

9    Virginia Betancourt Rodríguez follows:

10           i.    **Through Group Service:** Via registered email to her daughter and co-worker, Claudia

11                 Marcela Ibarra Betancourt's, attorney work email used to communicate with Plaintiff

12                 during the Betancourt Associate Defendants' Mexican representation of Plaintiff, (*see*

13                 Dkt. 54-1 at 14-15, 17;  *see also* Dkt. 32 at 12 (permitting service of Claudia Marcela

14                 Ibarra Betancourt via this email address);  Dkt. 54-1 at 4 (this email address resulted in

15                 successful delivery));

16          ii.    **Through Group Service**: Via registered email to Israhel Martinez Peinado's attorney

17                 work email that was used to communicate with Plaintiff during the Betancourt

18                 Associate Defendants' Mexican representation of Plaintiff, (*see* Dkt. 54-1 at 15-17, Ex.

19                 17;  *see also* Dkt. 32 at 12 (permitting service of Israhel Martinez Peinado via this

20                 email address) Dkt. 54-1 at 4 (this email address resulted in successful delivery));

21          iii.   **Through Group Service**: Via WhatsApp message to Israhel Martinez Peinado's

22                 personal, verified WhatsApp account, (*see* Dkt. 54-1 at 15-17, Ex. 16);

23          iv.    **Through Group Service:** via registered email to Irving Terrazas Molina's current

24                 attorney work email, (*see* Dkt. 54-1 at 14-17, Ex. 17);

25          v.    **Through Group Service:** Via WhatsApp message to Irving Terrazas Molina's

26                 personal, verified WhatsApp account, (*see* Dkt. 54-1 at 14-17, Ex. 18);

27          vi.    **Through Group Service:** Via registered email to Fernando Macías Montañez's

28                 current attorney work email, (*see* Dkt. 54-1 at 14-17);  and

United States District Court
Northern District of California

19

**vii.    Through Group Service:** Via WhatsApp message to Fernando Macías Montañez's personal, verified WhatsApp account, (*see* Dkt. 54-1 at 14-17, Ex. 19).

### l.    Jonathan Chavez Betancourt

Jonathan Chavez Betancourt is one of five previously unlocated Defendants, for whom the Court permitted Plaintiff to delay service until after the first Mexican individual defendant's appearance. *See, supra*, at Table.  While Plaintiff has not yet located any personal contact information for this Defendant, because the Court has granted Plaintiff's request for group service as to the Betancourt Associates Defendants, the Court will permit Plaintiff to attempt to serve Jonathan Chavez Betancourt follows:

**i.    Through Group Service:** according to methods k.i.–vii., above.

### m.    Israhel Martinez Peinado

Israhel Martinez Peinado was previously served on April 9, 2025, according to this Court's Prior Order, via registered email to the personal address used while acting as Plaintiff's prior Mexican counsel.  Dkt. 54-1 at 4;  Dkt. 45-6.  The email was verified as delivered but not opened. Dkt. 54-1 at 4.  The Court also previously denied without prejudice Plaintiff's request to serve this Defendant via WhatsApp.  Dkt. 32 at 12.

Because Plaintiff has now submitted a declaration and exhibits as ordered by the Court and having granted Plaintiff's request for group service as to the Betancourt Associates Defendants, the Court will permit Plaintiff to serve this Defendant again as follows:

**i.    Individually:** Via WhatsApp message to his personal, verified WhatsApp account, (*see* Dkt. 54-1 at 15, Ex. 16);  and

**ii.    Through Group Service:** according to methods k.i. and k.iii–vii., above.

### n.    Irving Terrazas Molina

Irving Terrazas Molina was previously served on April 9, 2025, according to this Court's Prior Order, via registered email to his current attorney email.  Dkt. 54-1 at 4;  Dkt. 45-12.  The email was verified as both delivered and opened.  Dkt. 54-1 at 4.  The Court also previously denied without prejudice Plaintiff's request to serve this Defendant via WhatsApp.  Dkt. 32 at 12.

Irving Terrazas Molina is one of the few Defendants for whom Plaintiff has verified that

United States District Court
Northern District of California

the service communication was not only delivered but actually opened.  Dkt. 54-1 at 4.  Because Irving Terrazas Molina has not yet appeared, the Court can only conclude that the Defendant has either not yet had a chance to see the notice, disregarded the notice or is preparing a late response. Regardless, it is not clear what Plaintiff hopes to accomplish by attempting further service using Irving Terrazas Molina's personal WhatsApp or via group service.

Accordingly, while Irving Terrazas Molina's attorney work email and personal WhatsApp may provide likely-successful avenues of notifying other of the Betancourt Associates Defendants, further service upon Irving Terrazas Molina himself would serve no purpose and is **DENIED**.

### o.    Enrique Vargas Gutierrez

Enrique Vargas Gutierrez is one of five previously unlocated Defendants, for whom the Court permitted Plaintiff to delay service until after the first Mexican individual defendant's appearance.  *See, supra*, at Table.  Plaintiff has now located two alternate emails for this Defendant's prior employers, the Women's Justice Center of Torreón Coahuila and the Judicial Branch of the State of Coahuila.  Dkt. 54-1 at 21.  However, Plaintiff has not provided any evidence suggesting that Enrique Vargas Gutierrez is still employed by either of these entities. While the Court may find service via these entities acceptable if other Mexican individual defendants with potential knowledge of Enrique Vargas Gutierrez's contact information continue to fail to appear, at this time, the Court finds it more appropriate to defer authorization of alternate service until such appearance or entry of default.

Accordingly, because the Court also denied Plaintiff's request to serve this Defendant via group service as a member of the Castillo Family Defendants, (*see, supra*, § III.B.1.d), the Court **DENIES** Plaintiff's request for alternate service as to Enrique Vargas Gutierrez without prejudice. The request may be renewed when Plaintiff has located contact information for this Defendant, after the appearance of other Mexican individual defendants or after entry of default as to the Mexican individual defendants with likely knowledge of Enrique Vargas Gutierrez's contact information.

////

////

United States District Court
Northern District of California

p.    **Eduardo Nicolas Mireles Jaime**

Eduardo Nicolas Mireles Jaime is the last of five previously unlocated Defendants, for whom the Court permitted Plaintiff to delay service until after the first Mexican individual defendant's appearance. *See, supra*, at Table. Plaintiff has now located four contact methods for this Defendant: a personal and business WhatsApp number and a personal and business Facebook account. Dkt. 54-1 13-14, Exs. 10-13. Accordingly, the Court will permit Plaintiff to attempt service as follows:

    i.    **Individually:** Via WhatsApp message to his personal, verified WhatsApp account, (*see* Dkt. 54-1 at 13, Exs. 10-11);

    ii.    **Individually:** Via Facebook Messenger to his personal Facebook account, (*see* Dkt. 54-1 at 13, Ex. 13);

    iii.    **Individually:** Via WhatsApp message to his business WhatsApp account, (*see* Dkt. 54-1 at 13, Ex. 12); and

    iv.    **Individually:** Via Facebook Messenger to his business Facebook account, (*see* Dkt. 54-1 at 13).

q.    **Rolando Castañeda Ruiz**

The Court previously denied without prejudice Plaintiff's request for alternative service as to Rolando Castañeda Ruiz. Dkt. 32 at 11. Plaintiff's renewed request includes new information supporting service of Rolando Castañeda Ruiz's via his employer's contact information. In particular, Mexico maintains a "platform for transparency" website, where members of the public may "consult information that, by law, the country's public institutions publish." *See https://www-plataformadetransparencia-org-mx* (according to the in-browser translation of the webpage); *see also* Dkt. 54-1 at 4 (Plaintiff describing it as "a Mexican Government website that lists government employee data"). Plaintiff represents that, based on public information, Defendants Rolando Castañeda Ruiz is a current police officer for the Torreón Police Department. Dkt. 54-1 at 17-18. Exhibit 20 supports this representation. *Id.*, Ex. 20.

Having considered Plaintiff's arguments, declaration and exhibits and relying on the common intuition that a governmental institution will be fully capable of conveying notice of a

pending suit to its employees, the Court now permits Plaintiff to attempt service as follows:

   i.   **Individually:** Via WhatsApp message to the Torreón Police Department's WhatsApp account, (*see* Dkt. 54-1 at 17-18, Exs. 20-21);  and

   ii.  **Individually:** Via registered email to the Torreón Police Department's public email address, (*see* Dkt. 54-1 at 17-18).

### r.   Miguel Misael Martinez Anaya

The Court previously denied without prejudice Plaintiff's request for alternative service as to Miguel Misael Martinez Anaya.  Dkt. 32 at 11.  For the same reasons as set forth in Section III.B.2.q., above, the Court now permits Plaintiff to attempt service as follows:

   i.   **Individually:** Via WhatsApp message to the Torreón Police Department's WhatsApp account, (*see* Dkt. 54-1 at 17-18, Exs. 20-21);

   ii.  **Individually:** Via registered email to the Torreón Police Department's public email address, (*see* Dkt. 54-1 at 17-18);  and

   iii. **Individually:** Via WhatsApp message to his personal, verified WhatsApp account, (*see* Dkt. 54-1 at 17-18, Ex. 22).

### 3.   Form and Content of Service Authorized

Plaintiff proposes various details of service, including using the same service, Registered Email, for email service and using his personal WhatsApp application and personal Facebook account for service via those accounts.  Dkt. 54-1 at 27.  However, Plaintiff has also represented that many of the Defendants have blocked him on WhatsApp and/or Facebook, (*see, e.g.*, *id.* at 9-10, 14, 15, 19) and that, for example on WhatsApp, "[i]f somebody has blocked you …, a sent message will only show one gray tick mark [and] will never be delivered."  Dkt. 54-1 at 6. Additionally, the requests for group service require proper tailoring.  Accordingly, in order to increase the likelihood that notice will actually be delivered to the defendants at issue and that they will be actually apprised of the pendency of the action and afforded with an opportunity to present their objections, the Court directs Plaintiff to proceed with service as follows:

   •   **Email:** The Court prescribes the same method as in its Prior Order, namely, Plaintiff shall attempt service on the individual Mexican Defendants using

Registered Email (https://registeredemail.com).

- **WhatsApp and Facebook Messenger:** Plaintiff shall **not personally** message the individuals sought to be served but shall employ a process server, private investigator or other third party who is over the age of 18 and who, according to Plaintiff's best information, has not been blocked by the Defendants at issue. For WhatsApp, such third party shall convey a message via WhatsApp with message delivery confirmation enabled; for Facebook Messenger, such third party shall convey a message via Facebook Messenger using such delivery confirmation as is available in Facebook.

- **In all cases:** Plaintiff shall attach the proposed summons at Dkt. 29-2 and also inform the defendant in plain text:
  - of Plaintiff's name;
  - that attached is a summons in a civil action in the United States District Court for the Northern District of California; and
  - that the case number is 5:2024-cv-02915.

- **In cases of "group service":** As identified in Section III.B.2., above, Plaintiff shall attach the summons **for each Defendant sought to be served via that group** and, in addition to the above, shall add in plain text:
  - "In addition to the summons directed to you, attached are summons directed to **[insert names of other members of the group]**. You are directed to immediately convey these summons to any of the individuals listed above with whom you are still in contact."

## IV.   CONCLUSION

For the foregoing reasons and as described above, Plaintiff's Application is **GRANTED IN PART** and **DENIED IN PART**. The Court further **alters** Plaintiff's deadlines as follows:

- **Jacqueline Reyes Castillo, Luis Roberto Magaña Orozco, Israhel Martinez Peinado:** These Mexican individual defendants were previously served by Plaintiff on April 9, 2025 but the Court authorizes further attempts to serve these Defendants as set

forth above.  Plaintiff **may** complete additional service for these Defendants, if any, and file **supplemental proofs of service** no later than **July 30, 2025**.

- **Irving Terrazas Molina:**  This Mexican individual defendant was previously served on April 9, 2025 and was verified to have opened the service email.  Accordingly, Plaintiff shall not pursue further service as to this Defendant.

- **María de la Luz Castillo de la Torre, Gloria Castillo de la Torre, Luis Enrique Martin Del Campo Valencia, Cristobal Everardo Rodríguez Hernández, Cristobal Everardo Rodríguez Hernández, Raymundo Ventura Garcia, Rolando Castañeda Ruiz, Miguel Misael Martinez Anaya:**  These Mexican individual defendants were either not served because the Court denied without prejudice Plaintiff's prior request or because Plaintiff attempted, but failed, to serve them.  The Court authorizes attempts to serve these Defendants as set forth above.  Plaintiff **shall** attempt service for these Defendants and file **proofs of service** no later than **July 30, 2025**.

- **Luis Antonio Castillo Juarez, Virginia Betancourt Rodríguez, Jonathan Chavez Betancourt, Enrique Vargas Gutierrez:**  These four individual Mexican Defendants were previously unlocated by Plaintiff.  They have now been located or are part of a group that the Court agrees is sufficiently closely connected such that the Court authorizes further attempts to serve these Defendants as set forth above.  Plaintiff **shall** attempt service for these Defendants and file **proofs of service** no later than **July 30, 2025**.

- **David Obed Salas Ríos:**  This Mexican individual defendant was previously unlocated by Plaintiff.  The Defendant remains unlocated, and the Court is not persuaded that he is sufficiently closely connected so as to authorize group service.  Accordingly, Plaintiff continues to have **30 days, beginning from the day on which the first of the Roma Legal Defendants makes an appearance**, to file a status report as to Plaintiff's efforts to serve this Defendant.

- **Defendant Quintero:** For clarity, there has been no change as to this Defendant and Plaintiff continues to have **30 days, beginning from the day on which Defendant**

25

**Crisp makes an appearance**, to file a status report as to Plaintiff's efforts to serve Defendant Quintero and seek additional time to serve Defendant Quintero, if necessary. Plaintiff may renew his application for service by publication at that time.

**SO ORDERED.**

Dated: June 30, 2025

_____

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California