UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON ARCHIE FLICKINGER,

Plaintiff,

v.

JAQUELINE REYES CASTILLO, et al.,

Defendants.

Case No. 24-cv-02915-NW

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION; ADOPTING REPORT AND RECOMMENDATION IN FULL AND SETTING DEADLINES**

Re: ECF Nos. 40, 46, 67

Before the Court is Plaintiff Jason Flickinger's objections to Magistrate Judge van Keulen's Report and Recommendation ("R&R") granting Mexico's motion to dismiss Plaintiff's complaint with prejudice, and granting the Coahuila State Defendants' motion to dismiss without prejudice. ECF Nos. 40, 46, 69. The Court DENIES Plaintiff's objections and ADOPTS the R&R in full.

## I.      BACKGROUND

Plaintiff's complaint lays out a saga of fraud and intimidation that began in 2019 and continues to this day. More than thirty individuals and entities are allegedly involved, including some governmental entities. The 45-page R&R sets out the complicated facts of the case, so the Court does not repeat them here. This Order addresses the single objection Plaintiff lodged against the R&R, namely that Judge van Keulen should not have dismissed Defendant Estados Unidos Mexico ("Mexico") from this suit with prejudice.

## II.     LEGAL STANDARD

### A.      Standard of Review

The district court's duties in connection with a magistrate judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a

*de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "Only objections that reference specific portions of the report and recommendation will trigger *de novo* review—general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019). The district court need not review *de novo* those portions of a R&R to which neither party objects. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### B.    The Foreign Sovereign Immunities Act

"The Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. § 1602 *et seq.*, establishes a comprehensive framework for determining whether a court in this country, state or federal, may exercise jurisdiction over a foreign state." *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 610 (1992). In other words, the FSIA is the "'sole basis' for United States federal courts to obtain jurisdiction over a foreign state." *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1127 (9th Cir. 2012) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989)). But for some exceptions, § 1604 of the FISA completely immunizes foreign states "from the jurisdiction of the court of the United States . . ." *Id.*

The eight exceptions to the FSIA are laid out in §§ 1605, 1605A, and 1605B. A plaintiff may bring suit against a foreign nation pursuant to: (1) waiver by the foreign sovereign; (2) the commercial activity exception; (3) the expropriation exception; (4) the successor exception; (5) the noncommercial torts exception; (6) the arbitration exception; (7) the state-sponsored terrorism exception; and (8) the international terrorism exception. *Id.*

## III.    DISCUSSION

Plaintiff's objection to the R&R is a narrow one: he claims that the R&R erred in finding that Plaintiff would be unable to amend his complaint to satisfy the "international terrorism" exception to FSIA. *See* 28 U.S.C. § 1605B. The statute sets forth certain conditions that must be met for the exception to apply, namely that the suit (1) seeks money damages for physical injury to person or property or death occurring in the United States (2) caused by (i) an act of international terrorism in the United States in conjunction with (ii) a tortious act or acts of a

2

United States District Court
Northern District of California

foreign state.  28 U.S.C. § 1605B(b)-(c).  Plaintiff must meet each of the elements to successfully bring suit against a foreign state.

The R&R found that Plaintiff failed to allege "physical injury . . . occurring in the United States."  Judge van Keulen observed that

> Plaintiff alleges two injuries.  First, he alleges pecuniary injury, *i.e.*, all of the money lost or extorted in relation to Plaintiff's purchase of real estate and legal services and Mexico.  *See, supra*, §§ I.A-B.  However, none of those damages are for "physical injury to person or property."  *Id.*  Second, Plaintiff does allege suffering physical injury, *e.g.*, when beaten during his detention and the damage cause[d] to his home in Torreón.  *See, supra*, §§ I.A-B.  However, none of those injuries occurred in the United States. *Id.* Accordingly, this exception does not apply. *Cf. Kaldawi v. State of Kuwait*, No. 14-cv-07316-JAK, 2017 WL 6017293, at *9 (C.D. Cal. Mar. 17, 2017) (finding that this exception did not apply because, "[e]ven if the Complaint could be construed to claim that Plaintiff has continued to suffer some injury while in the United States, those injuries are due to action that occurred in Kuwait."), *aff'd sub nom. Kaldawi v. Kuwait*, 709 F. App'x 452 (9th Cir. 2017).

R&R at 22.

Plaintiff contends that the R&R failed to credit certain physical injuries Plaintiff endured in the United States as a result of Defendants' conduct.  Plaintiff takes particular issue with Judge van Keulen's reliance on *Kaldawi*.  According to him, all alleged tortious conduct described in the *Kaldawi* complaint occurred in Kuwait. He explains that

> This action is distinguishable for four reasons.
>
> [1] Primarily, the Mexican actors conspired with two California residents to threaten and intimidate Plaintiff and his property in California.
>
> [2] Secondarily, Defendants Roberto Magana and Jaqueline Castillo continually communicated with, defrauded, harassed, and extorted Plaintiff while Plaintiff was in his home in San Jose, California.
>
> [3] Thirdly, Plaintiff was prosecuted with a false rape accusation in Torreón only after Plaintiff found evidence connecting the two California residents to Jaqueline Castillo and Plaintiff sent this evidence to Defendant Roberto Magaña.
>
> [4] Lastly, Jaqueline Castillo publicly defamed Plaintiff on a global scale, with the purpose of injuring Plaintiff and preventing this litigation.[1]

---

[1] For ease of reading, line breaks were added by the Court, but Plaintiff's text is unaltered.

Objs. at 3. These "reasons" are better understood as allegations of injuries that, Plaintiff would allege, occurred in the United States as a result of Defendants' conduct. Among other things Plaintiff asks this Court to consider the harm inflicted by Magana and Castillo and the ensuing trauma they caused to satisfy the physical injury element of the international terrorism exception.

There are two fatal issues with Plaintiff's objection and proffered allegations. First, as articulated by Plaintiff, the proffered "physical injuries" occurring in the United States are the result of "action that occurred in" Mexico. *Kaldawi*, 2017 WL 6017293, at *9. In other words, even though Plaintiff *felt* the physical effects of Defendants' alleged harassment, extortion, wrongful prosecution, and defamation while he was in the United States, virtually all the actions that inflicted those injuries were taken by Mexican actors acting within the borders of Mexico. Plaintiff has not met the international terrorism exception to FSIA because he failed to allege a physical injury that occurred in the United States that was caused by an act of international terrorism in the United States in conjunction with a tortious act of Mexico.

Second, the physical injuries Plaintiff enumerates in his objections are manifestations of his severe emotional trauma. As one Court observed when considering the term "physical injury" in a different context, "[i]f [plaintiff's] emotional distress does not qualify as an injury under the statute, logically the physical manifestation of that distress also does not qualify." *Est. of Kalahasthi v. United States*, 630 F. Supp. 2d 1120, 1133 n.48 (C.D. Cal. 2008). Because § 1605B of FSIA requires that a Plaintiff's injury must be physical and not emotional, Plaintiff's injuries do not satisfy the international terrorism exception,.

## IV.    CONCLUSION

Because the Court finds, as the R&R did, that Plaintiff did not and cannot allege a physical injury occurring in the United States as required and defined by FSIA, the Court need not consider the other elements of the international terrorism exception to find it inapplicable. Plaintiff's objection is OVERRULED and the reasoning and recommendations set forth in the R&R are ADOPTED IN FULL. Should Plaintiff elect to amend his complaint, he shall do so in accordance with the instructions provided within the R&R. Any amended complaint is due 30 days from the issuance of this Order.

The Court understands that Plaintiff sought and received leave to serve several Defendants by alternative means.  The Court reminds Plaintiff that, should he elect to file an amended complaint, he must serve the new complaint upon all parties and may do so using the alternate means previously approved by Judge van Keulen.  The Court sets this matter for a case management conference on April 28, 2026.  The joint case management statement is due by April 10, 2026.

**IT IS SO ORDERED.**

Dated: February 25, 2026

Noël Wise
United States District Judge