UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON ARCHIE FLICKINGER,
Plaintiff,

v.

JAQUELINE REYES CASTILLO, et al.,
Defendants.

Case No. 24-cv-02915-NW

**ORDER GRANTING EX PARTE MOTIONS FOR EARLY DISCOVERY AND ALTERNATIVE SERVICE AS TO THREE INDIVIDUAL DEFENDANTS; DENYING WITHOUT PREJUDICE REQUEST FOR ALTERNATIVE SERVICE AS TO DEFENDANT CJEM**

Re: ECF No. 108, 109, 111

Before the Court are three motions filed by self-represented Plaintiff Jason Archie Flickinger: an *ex parte* motion for early, limited discovery; an *ex parte* motion to authorize alternative service by publication for Defendants David Obed Salas Ríos, Enrique Vargas Gutierrez, and Dr. Olivia Berenice Espinoza Robles; and a status report as to Plaintiff's efforts to acquire a replacement certificate of service as to the CJEM[1] to evidence service via the Hague Convention. ECF Nos. 108, 109, 111. Plaintiff also filed a case management statement, explaining and summarizing the requests. ECF No. 110. The Court GRANTS the motions, DENIES without prejudice the request to either deem service satisfied or permit alternative service as to CJEM, and CONTINUES the case management conference set in this matter to February 9, 2027.

## I. BACKGROUND

The background of this action is described in the Court's prior orders. The facts of Plaintiff's substantive claims are described in the Court's orders upon certain governmental entities' motions to dismiss. *See* ECF Nos. 67, 70, 99. The history of Plaintiff's attempts to serve

[1] Defendant Centro de Justicia y Empoderamiento para las Mujeres del Estado de Coahuila de Zaragoza ("CJEM").

the 37 Defendants remaining in this action are described in the Court's prior orders regarding service. ECF Nos. 11, 21, 32, 64; *see also* ECF No. 99 at 13–14. The Court does not re-tread this background. Since the Court's prior order addressing case management, (ECF No. 99 at 13–22), the following developments have occurred.

First, Plaintiff has moved for entry of default, and the Clerk of Court entered default, as to 27 Defendants: Jaqueline Castillo, María de la Luz Castillo de la Torre, Luis Antonio Castillo Juarez, Gloria Castillo de la Torre, Robert Crisp, Erik Huitrón, Francisco Javier Hernandez Favila, Eduardo Nicolas Mireles Jaime, Roberto Magaña, Luis Enrique Martin Del Campo Valencia, Raymundo Ventura Garcia, Juan Carlos Degollado Rodríguez, Yolanda de León Garcia, Rodrigo Iván Acevedo Macías, Bertha Marine Casillas Martínez, María Concepción Mendieta Santos, Cristobal Everardo Rodríguez Hernández, Judith Arzave Ramírez, Claudia Marcela Ibarra Betancourt, Virginia Betancourt Rodríguez, Jonathan Chavez Betancourt, Israhel Martinez Peinado, Irving Terrazas Molina, Luis Fernando Macías Montañez, Rolando Castañeda Ruiz, and Miguel Misael Martinez Anaya, and Dirección de Seguridad Publica Municipal de Torreón ("DSPM"/"Torreón PD"). ECF Nos. 103, 105.

Second, Plaintiff has been investigating contact information and possible service addresses for the remaining, non-defaulted Defendants. Four Defendants are at issue in Plaintiff's *ex parte* motions. As to Defendant Pedro Quintero, one of two American Defendants in this action, Plaintiff requests this Court permit early, limited discovery upon Defendant Robert Crisp, who is in default and whose "social media accounts show[] the close friendship between Robert Crisp and Pedro Quintero." *See* ECF No. 32 at 6 (denying without prejudice Plaintiff's request to serve Defendant Quintero by publication because he had not pursued "other available avenues of inquiry such as serving interrogatories on co-defendants who had already been served and were properly before th[e] court."). As to three Mexican Defendants, David Obed Salas Ríos, Enrique Vargas Gutierrez, and Dr. Olivia Berenice Espinoza Robles, despite various efforts detailed in his motion, Plaintiff has been unable to locate personal contact information and seeks to serve them via internet and print publication. *See* ECF No. 109 at 9–11.

Finally, while preparing his motion for default, Plaintiff discovered that while he had a

certificate of service as to the Torreón PD for his Hague service request, the packet he received for CJEM, although it "has typed on it that it is for service to the CJEM," inside contained "service certificates for the State of Coahuila and Coahuila AG." ECF No. 101 at 4–5. Plaintiff has been following up with Mexico's Secretaría de Relaciones Exteriores ("SRE") to request the missing certificate. ECF No. 111 at 2. On October 1, 2026, Plaintiff spoke with SRE personal who informed him that his email inquiry "had been referred to a lawyer for response," and could not resolve the missing-certificate issue over the phone. *Id.* at 3. As of October 23, 2026, this issue was unresolved.

## II. DISCUSSION

### A. Plaintiff's Motion to Open Early, Limited Discovery is Granted

"The Court may authorize early discovery before the Rule 26(f) conference if the requesting party establishes 'good cause' for the early discovery." *Alo, LLC v. Fang*, No. 25-cv-11126-PHK, 2026 WL 1725893, at *2 (N.D. Cal. June 15, 2026) (citing *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Although the Rules are not explicit on this point, in the Ninth Circuit, "a defaulted defendant should be treated as a non-party" for purposes of discovery. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010). Accordingly, a Rule 45 subpoena is the appropriate vehicle for such discovery.

Plaintiff seeks to leave to serve discovery, via a subpoena for documents and a deposition subpoena, against Defendant Robert Crisp. ECF No. 108. The proffered purpose of this early discovery is to "identify[] and locat[e]" Defendant Pedro Quintero (who may or may not also go by the name of Leeroy G. Ferguson, based on new information uncovered by Plaintiff's private investigator ("P.I.")). *Id.* at 7–8. Defendant Quintero is one of two California-based Defendants in this action, and Plaintiff has previously sought leave to serve him via publication in "the San Bernardino City News newspaper" based on his P.I.'s identifying "more than 100 individuals named Pedro Quintero in Los Angeles County and adjoining counties." *See* ECF No. 27 at 7; ECF No. 28 at 1. The Court denied this request, explaining that based on the materials uncovered by

Plaintiff last year, "Robert Crisp's social media accounts show[] the close friendship between Robert Crisp and Pedro Quintero," and thus Plaintiff should, after Robert Crisp's appearance, first attempt to serve discovery on Crisp to locate Quintero. ECF No. 32 (J. van Keulen).

Crisp never appeared and is now in default. ECF No. 105. Accordingly, the Court finds good cause and GRANTS Plaintiff's request to open early discovery as to Crisp for the purposes of identifying and locating Quintero. Plaintiff may serve discovery as set forth in the conclusion, below. *See, infra*, § III.

**B. Alternative Service via Publication**

"The standard for alternative service differs based on whether the individual is outside of or within the United States." *See* ECF No. 32 at 3–4 (explaining the difference in service-by-publication under California state law versus under Rule 4(f)). For individuals located outside of the United States—*i.e.*, such as Defendants David Obed Salas Ríos, Enrique Vargas Gutierrez, and Dr. Olivia Berenice Espinoza Robles—Rule 4 permits service by, *inter alia*, "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Thus, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In addition,

> [e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Id.* at 1016 (citations omitted). A plaintiff must also "demonstrate that the facts and circumstances of the [] case necessitate[] the district court's intervention." *See id.* "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citation omitted).

Plaintiff seeks to serve Defendants David Obed Salas Ríos, Enrique Vargas Gutierrez, and Dr. Olivia Berenice Espinoza Robles in Mexico via several methods: (1) publication in Spanish in

El Siglo de Torreón, a newspaper published in Torreón, Coahuila, Mexico, which "serves the surrounding Comarca Lagunera metropolitan area," (ECF No. 109 at 10–11); (2) as a "backup" if El Siglo de Torreón declines to publish the Court-approved notice (which Plaintiff explains it might do because of the nature of the local-corruption allegations in this case), publication in Excélsior, a "national daily newspaper published in Mexico City," (*id.*); (3) as an online-supplement, publication on his existing webpage or on a webpage titled "flickingervcastillo.com" if Plaintiff can obtain that domain (or variations on it, if he cannot), (*id.* at 12); and (4) advertising the case via Google Ads, Meta, and Global Legal Notices online, with ad campaigns directed at the entire State of Coahuila," (*id.* at 12–13).

**1. Service via Publication is Not Prohibited by International Agreement with Mexico**

As to the threshold requirement, the Court finds that these proposed methods are not prohibited by international agreement. As this Court previously explained, although Mexico has objected generally to any alternative methods of service under the Hague Convention, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies . . . as long as the alternative method of service is not expressly prohibited by the Convention or objected to by the receiving state." ECF No. 32 at 8 (quoting *Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Napa*, No. 20-cv-03210-TSH, 2020 WL 8614189, at *3 (N.D. Cal. Sept. 25, 2020) (citing Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638) (collecting cases). Publication via local, Spanish-language newspapers has been found permissible. *E.g.*, *Vega v. Arendal S. De R.L. De C.V.*, No. 1:21-CV-69, 2024 WL 150222, at *6 (E.D. Tex. Jan. 12, 2024) (collecting cases). Nor is service via website-publication, coupled with an online advertising campaign, prohibited under the Hague Convention. *Cf., e.g.*, *Simple Design Ltd. v. Dairy-Queen Vision*, No. 22-cv-03585-JLS (AFM), 2022 WL 17361970, at *3 (C.D. Cal. July 27, 2022) (permitting alternative service via email and publication via website for a foreign

defendant of unknown national domicile).[2]

**2. Court Intervention is Necessary as to These Defendants**

Next, as to Defendants David Obed Salas Ríos and Enrique Vargas Gutierrez, the Court need not belabor the point of the necessity of district court intervention. Plaintiff's diligent efforts to serve and locate these Defendants are well-documented in the Court's prior orders, and Plaintiff adequately explains his continued efforts and why his final inquiries into these Defendants whereabouts have failed to bear fruit. *See* ECF Nos. 32, 64; ECF No. 109 at 4–6, 10 (explaining that these Defendants entries on Mexico's National Registry of Professionals "never listed an email address or physical address," and Plaintiff's "prior attorneys explained that contact information for lawyers in Coahuila is never publicly listed because of safety concerns about retaliation against lawyers.").

Defendant Olivia Berenice Espinoza Robles was added to Plaintiff's Second Amended Complaint on April 22, 2026. ECF No. 74. Plaintiff explains that, in the context if this action, she was "associated with Roberto Magaña" and "submitted documentary evidence in [the] proceedings" against Plaintiff. ECF No. 109 at 10. Since April 22, 2026, he has "conducted internet searches for her and her company, . . . called the sole telephone number he found online for Abonorte, Dr. Olivia Berenice's employer," and reviewed his records from Roberto Magaña. *Id.* at 6, 10. The phone number was disconnected but, as best as Plaintiff could determine, Olivia Berenice Espinoza Robles resided in Torreón in 2020, attended the School of Medicine of the Autonomous University of Coahuila in Torreón, and there is no evidence that she has left Torreón. *Id.* In light of Plaintiff's efforts, Dr. Olivia Berenice Espinoza Robles's alleged role in the conduct at issue in the Second Amended Complaint, and given the length of time this case has been pending, the Court also finds that the facts and circumstances of the case demonstrate that Court intervention is necessary.

---

[2] Although not involving a defendant in Mexico, the Court is also unaware of any authority suggesting that Mexico has specifically objected to service via website-publication coupled with an online advertising campaign under the Hague Convention. As for other online-service methods, the Court previously authorized electronic service via email, WhatsApp, and Facebook Messenger, finding they were not prohibited. *See* ECF No. 32 at 8; 64 at 8–9.

United States District Court
Northern District of California

### 3. Plaintiff's Proffered Service is Reasonably Calculated, Under the Circumstances, to Apprise These Defendants of the Action

Finally, other district courts have found that service by publication in "a newspaper of general circulation in the City" in which defendants reside "is reasonably calculated to apprise [them] of this action and afford [them] the opportunity to object." *Vega*, 2024 WL 150222, at *6. Service by publication in a national newspaper is not as targeted and might not be appropriate as a first resort, but in the event that service by publication in a local newspaper is impossible, the Court is satisfied that it serves as an appropriate "backup." *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950) (noting that if service "through local newspapers" already relied on "[c]hance alone," publication through a newspaper "outside the area" where a defendant resides meant "the odds that the information will never reach [a defendant] are large indeed"; but nonetheless holding that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights."). The Court also finds that Plaintiff's proposed, supplemental service of publication on a webpage *coupled with* digital advertising in the State of Coahuila is reasonably calculated, under the circumstances, to apprise the three Defendants of this action and afford them an opportunity to object. *See, e.g.*, *Simple Design*, 2022 WL 17361970, at *3 (permitting alternative service via email and publication via website for a foreign defendant of unknown national domicile).

In this case, the record submitted by Plaintiff persuades the Court that Defendants David Obed Salas Ríos and Enrique Vargas Gutierrez, and Olivia Berenice Espinoza Robles most likely reside in Torreón, and thus the methods Plaintiff proposes, targeting Torreón if possible, are reasonably calculated, under the circumstances, to reach these Defendants.

* * *

For these reasons, the Court GRANTS Plaintiff's application to serve Defendants David Obed Salas Ríos and Enrique Vargas Gutierrez, and Olivia Berenice Espinoza Robles via publication, as set forth in the conclusion, below. *See, infra*, § III.

United States District Court
Northern District of California

### C. Alternative Service of CJEM Under the Foreign Sovereign Immunities Act

Finally, Plaintiff's request as to CJEM is DENIED without prejudice. Plaintiff seeks to have the Court deem service satisfied on CJEM or, in the alternative, to permit alternative service under the Foreign Sovereign Immunities Act ("FSIA"). ECF No. 111. The Court finds these requests premature. The information submitted by Plaintiff shows that Mexico's SRE is in the process of responding to Plaintiff's inquiry, which "ha[s] been referred to a lawyer for response." *Id.* at 3. The Court finds it proper to give Mexico's SRE more time to respond, and Plaintiff more time to take any remedial steps that may be necessary, before considering whether to deem service satisfied on CJEM or whether to permit alternative service. Plaintiff may renew his requests as to CJEM no later than January 11, 2027, and must take the steps set forth in the conclusion, below. *See, infra*, § III.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's *ex parte* motion for early discovery is GRANTED, his *ex parte* motion for alternative service as to David Obed Salas Ríos, Enrique Vargas Gutierrez, and Dr. Olivia Berenice Espinoza Robles is GRANTED; and his request to either deem service satisfied or permit alternative service as to CJEM is DENIED without prejudice.

### A. Early, Limited Discovery

Discovery shall be limited to identifying and locating Pedro Quintero (or Leeroy G. Ferguson, if discovery shows them to be the same individual). Plaintiff may serve one Rule 45 document subpoena on Robert Crisp ("Crisp") containing proposed Request Nos. 1–8 (*see* ECF No. 108-2 at 1–5) and one deposition subpoena. The deposition shall not exceed two hours on the record absent further order and may be scheduled in-person or via Zoom; if proceeding via Zoom, it shall occur within 100 miles of Crisp's residence, consistent with Rule 45(c)(1)(A) and Plaintiff shall be responsible for reasonable attendance and mileage fees. Plaintiff shall arrange an authorized officer to administer an oath and recording/transcription services; if proceeding via Zoom, Plaintiff shall provide the access details and remote oath arrangements as well. Plaintiff shall comply with the requirements of all applicable Federal Rules of Civil Procedure and shall serve a copy of this Order with each subpoena. This Order does not resolve any substantive

objections, privileges, or protections available under Rules 26 and 45. The merits of any discovery disputes that may be raised by Defendant Crisp are referred to Magistrate Judge van Keulen for proceedings in accordance with her Standing Order.[3]

**B. Alternative Service**

Plaintiff **shall serve** Defendants David Obed Salas Ríos, Enrique Vargas Gutierrez, and Dr. Olivia Berenice Espinoza Robles by both of the following methods:

1. By publishing the proposed Spanish Publication Notice submitted as Exhibit A to Plaintiff's application (ECF No. 109 at 17), with the date of this Order inserted, in El Siglo de Torreón or, if that newspaper declines publication, in Excélsior, once weekly for four consecutive weeks. The newspaper notice shall state that the summons, operative complaint, and this service order will be provided without charge by email request to jasonaflickinger@gmail.com. Plaintiff shall arrange certified Spanish translation services for the final notice, and publication shall be only in Spanish. Plaintiff shall arrange corresponding online publication in the selected newspaper if that service is offered. This publication shall begin **no later than November 30, 2026**.
2. By obtaining a domain associated with this case caption, such as flickingervcastillolawsuit.com, flickingervcastillolawsuit.mx, flickingervscastillolawsuit.com, flickingervscastillolawsuit.mx, or any similar domain name; configuring the website to be a single landing page containing the Court-approved notice submitted as Exhibit A to Plaintiff's application (ECF No. 109 at 17) as well as free links to download the summons, operative complaint, and this Order; and including that domain name in any final published notices and authorized advertisements. Plaintiff shall then run the Google Ads, Meta, and GlobalLegalNotices.com advertising campaigns as set forth in his proposed Order,

[3] In particular, the Court declines to weigh in on Plaintiff's specific "proposed oral questions." *See* ECF No. 108-1 at 6–10. Plaintiff shall neither be bound by nor entitled to ask them; the deposition must stay within the identified scope for this early discovery.



United States District Court
Northern District of California

United States District Court
Northern District of California

ECF No. 109-1 at 3. Plaintiff must maintain the website and documents as available until such time as he moves for default judgment as to these Defendants, while the advertising campaigns must run for duration of the print publication.

Service shall be deemed completed on these Defendants on the date of conclusion of the print publication and advertising campaigns. Plaintiff shall include an update as to the status of this service in his next case management statement on **January 22, 2027**.

### C. Proof of Service on CJEM

Plaintiff shall continue to follow up with Mexico's SRE to receive a replacement certificate for service on CJEM, if the SRE is able to arrange for a replacement certificate. Plaintiff **shall file** a status report as to his efforts in 30 days (**December 7, 2026**) and 60 days (**January 11, 2027**). Plaintiff may renew his requests as to CJEM no later than January 11, 2027 if the SRE's responses are inconclusive, or may renew his requests if the SRE is unable to arrange for a replacement certificate.

### D. Other Case Management

In light of the issues addressed in this Order, the November 17, 2026 case management conference is VACATED. The Court sets a case management conference for **February 9, 2027, at 9:00 a.m.** via Zoom videoconference. Plaintiff's case management statement is **due on January 22, 2027**, and shall include the status of his efforts as to all unserved Defendants.

Additionally, this action has been pending for over two years, and Plaintiff has now received entry of default as to large number of defendants, including all of the (non-Governmental) Defendants that appear to be at the core of his allegations (*i.e.*, Jaqueline Castillo, Erik Huitrón, and Roberto Magaña). Accordingly, Plaintiff's next case management statement must include a proposed schedule for any motions for default judgment as to (or notices of voluntary dismissal of) Defendants who are in default. In particular, Plaintiff should address how (or whether) he intends to move for default judgment as to 27 Defendants (so far) and 43 causes of action. *See* ECF No. 74 at 3. Default judgment is governed by the seven *Eitel* factors, and Plaintiff must also prove damages (without merely relying on the allegations of the complaint). *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). It is Plaintiff's responsibility to

United States District Court
Northern District of California

state, apply, and support the factors as to each claim, for each Defendant, on which he seeks default judgment; but, unless Plaintiff seeks leave of court for good cause, a motion for default judgment must not exceed 25 pages. *See* Civil L.R. 7-2(b).

**IT IS SO ORDERED.**

Dated: November 5, 2026.

Noël Wise
United States District Judge